UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **vs.** * | Case No.  23-cr-00257-4 (JRR) |
| * | |
| **MATTHEW JEREMY  HALL**, * | |
| **Defendant** * | |

ooOoo

### CONSENT MOTION TO CONDUCT INITIAL APPEARANCE AND ARRAIGNMENT BY MEANS OF A VIDEOCONFERENCE AND, IN THE ALTERNATIVE, TO CONTINUE THE HEARING

Matthew Hall, by his undersigned CJA counsel, hereby respectfully moves this Honorable Court to conduct the initial appearance and arraignment scheduled for February 15, 2024, by means of a videoconference pursuant to Rule 5(f) and 10(c), FED. RULE OF CRIM. PROC.  In the alternative, Mr.  Hall respectfully moves to continue the hearing for one week to allow time to make travel arrangements.  AUSA Michael Cunningham consents to these requests.

1. Mr. Hall, who resides in North Carolina, is represented by counsel appointed under the Criminal Justice Act on the basis of a finding by this Court that he is indigent.

2. He is medically retired from his employment, supporting himself and his minor son on modest retirement and disability payments.

3. The costs of travel and lodging to appear for an initial appearance and arraignment in this district would result in a hardship to Mr. Hall.

4. An initial appearance may be conducted by video teleconferencing if the defendant consents.  Rule 5(f), FED. R. CRIM. P.  ("Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents.")

5. Video teleconferencing may also be used to conduct an arraignment, if the defendant consents, Rule 10(c), FED. R. CRIM. P. ("Video teleconferencing may be used to arraign a defendant if the defendant consents.").

6. Both rules require only the consent of the defendant, without a showing of extraordinary circumstances or imposing any other requirement.[1]

7. No motion for pretrial detention is pending and the government has indicated that it does not plan to seek pretrial detention in the case.

8. Mr. Hall wishes to avoid the cost of traveling to Maryland and securing overnight lodging in order to appear for the initial appearance and arraignment in the case. While the Court may order the payment of travel costs under 18 U.S.C. § 4285, which he would request were the Court to require his presence, § 4285 does not authorize the payment of lodging costs.

9. While Mr. Hall's medical conditions would not altogether prohibit his travel to Maryland, his medical conditions do nonetheless make it more burdensome for him to travel.[2]

10. If the Court were to reject Mr. Hall's request to appear by way of videoconferencing, Mr. Hall respectfully requests that the Court continue the appearance to allow sufficient time to make travel arrangements and request travel costs pursuant to 18 U.S.C. § 4285.

---

[1] Rule 43 which requires the presence of a criminal defendant at various proceedings was revised in December 2002, when the Advisory Committee changed the rules to provide explicitly for video-conferencing in initial appearances and arraignments. *See* Rule 5(f) (2003) (providing that for initial appearances, "[v]ideo teleconferencing may be used to conduct an appearance under this rule if the defendant consents"); Rule 10(c) (2003) ("Video teleconferencing may be used to arraign a defendant if the defendant consents."); Rule 43(a) (2003) ("Unless ... Rule 5, or Rule 10 provides otherwise, the defendant must be present...."). *United States v. Burke*, 345 F.3d 416, 421 (6th Cir. 2003)

[2] Mr. Hall's medical conditions are detailed in the Pretrial Services Report that will be available to the Court.

11. Allowing Mr. Hall's initial appearance and arraignment to be conducted by video-conference would simplify procedures and reduce unnecessary expense and delay in this case. *See* FED. R. CRIM. PROC. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").

12. In pertinent part, the Advisory Committee notes referencing the videoconferencing amendment support the use of video-conferencing under the circumstances in the instant case:

> The major substantive change is in new Rule 5(f), which permits video teleconferencing for an appearance under this rule if the defendant consents. This change reflects the growing practice among state courts to use video teleconferencing to conduct initial proceedings. A similar amendment has been made to Rule 10 concerning arraignments.
>
> In amending Rules 5, 10, and 43 (which generally requires the defendant's presence at all proceedings), the Committee carefully considered the argument that permitting a defendant to appear by video teleconferencing might be considered an erosion of an important element of the judicial process.
> . . .
> The Committee was also persuaded to adopt the amendment because in some jurisdictions delays may occur in travel time from one location to another – in some cases requiring either the magistrate judge or the participants to travel long distances. In those instances, it is not unusual for a defense counsel to recognize the benefit of conducting a video teleconferenced proceeding, which will eliminate lengthy and sometimes expensive travel or permit the initial appearance to be conducted much sooner. Finally, the Committee was aware that in some jurisdictions, courtrooms now contain high quality technology for conducting such procedures, and that some courts are already using video teleconferencing – with the consent of the parties.
>
> The Committee believed that, on balance and in appropriate circumstances, the court and the defendant should have the option of using video teleconferencing, as long as the defendant consents to that procedure.

Committee Notes on Rules – 2002 Amendment.[3]

WHEREFORE, Mr. Hall respectfully requests, with the consent of the United States, that this Honorable Court conduct his initial appearance and arraignment by video-conference. In the alternative, were the Court to reject this request, Mr. Hall respectfully requests that the Court continue the hearing for a week to allow him to move for financial assistance for travel costs pursuant to 18 U.S.C. § 4285 as well as to make other necessary travel arrangements.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 13th day of February, 2024.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**

---

[3] The Cares Act provisions enacted as a result of the COVID pandemic for the more general use of videoconferencing made clear that videoconferencing procedures did not affect the fundamental rights of defendants or the public and were easily workable in light of technological advances.